WALTER BURKE & others *vs.* CITY OF GLOUCESTER.

Essex.    October 9, 1970. — October 28, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ.

*Municipal Corporations*, Acquisition of real estate. *Gloucester. Statute*, Supersedure, Special act. *Equity Jurisdiction*, Taxable inhabitants' suit. *Equity Pleading and Practice*, Bill.

St. 1970, c. 87, authorizing the city of Gloucester to acquire for school purposes certain land and buildings in the city, made compliance with G. L. c. 43, §§ 30 and 34, unnecessary. [213]

A demurrer was rightly sustained to the bill in a taxable inhabitants' suit under G. L. c. 40, § 53, against the city of Gloucester alleging merely that the city, which was authorized by St. 1970, c. 87, to acquire for school purposes certain land and buildings and to renovate, add to, and equip the buildings and to expend for such purposes not more than $5,000,000, and which had agreed to purchase the land and buildings for $4,000,000, intended to exceed the $5,000,000 limitation. [214]

BILL IN EQUITY filed in the Superior Court on April 29, 1970.

A demurrer to the bill was heard by *Tomasello, J.*

*Samuel Adams* (*Stephen E. Moore* with him) for the plaintiffs.

*David B. Gardner*, City Solicitor, for the defendant.

*Sumner H. Babcock* & *Richard D. Leggat*, for the Archdiocesan Central High Schools, Inc., amicus curiae, submitted a brief.

SPALDING, J.    The plaintiffs, taxable inhabitants of the city of Gloucester (city), brought this bill under G. L. c. 40, § 53, to enjoin the city from purchasing or renovating land and buildings in the city known as St. Peter's High School, and from borrowing funds or issuing bonds or notes for this

purpose. The city demurred on the grounds that the matters alleged in the bill are controlled by St. 1970, c. 87, which expressly authorizes the city to acquire the school, and that the bill is insufficient in law, does not state facts entitling the plaintiffs to relief, and is insufficiently explicit in its allegations. An interlocutory decree sustaining the demurrer and a final decree dismissing the bill were entered, from both of which the plaintiffs appealed.

We summarize the averments of the bill as follows: Archdiocesan Central High Schools, Inc. (Central), a Massachusetts corporation, is the owner of certain land and buildings in the city known as St. Peter's High School (school). On October 2, 1969, and October 23, 1969, the city council of Gloucester adopted resolutions to acquire the school from Central. On October 23, 1969, the Gloucester school committee, at the request of the city council, voted to approve the site of the school for school purposes.

On November 14, 1969, the city and Central signed an agreement pursuant to which the city agreed to buy and Central agreed to sell the school and certain items of personal property for use in connection with the operation of the school for $4,000,000.

The obligation of both parties under the agreement was made expressly contingent on: "(a) The enactment by the General Court of legislation authorizing the . . . [city] to: 1. Acquire the property which is the subject of this Agreement, and 2. To borrow on behalf of the . . . [city] the sums necessary for this purpose and to issue bonds or notes therefor." [1]

---

[1] The enabling legislation contemplated in the agreement was enacted on March 5, 1970 (St. 1970, c. 87), and became effective upon its passage. It reads: "Section 1. The city of Gloucester is hereby authorized to acquire for school purposes certain land and buildings in said city owned by the Archdiocesan Central High Schools, Inc., and more particularly known as St. Peter's High School, and after such acquisition said city may remodel, renovate, construct additions, originally equip and furnish said buildings. For said purposes said city may appropriate and expend such sums as may be necessary, not exceeding, in the aggregate, five million dollars.

"Section 2. For said purposes the city of Gloucester may borrow from time to time such sums as may be necessary, not exceeding, in the aggregate, five million dollars, and may issue bonds or notes therefor which shall bear on their face the words Gloucester School Acquisition Loan, Act of 1970. Each

The bill asserts that the proposed acquisition of the school by the city is illegal on the following grounds: There has been no compliance with G. L. c. 43 because unconditional approval of the site or buildings by the school committee was not first obtained as required by § 34; no request for the acquisition of the site was made by any department of the city as required by § 30; and the acquisition of the property by purchase is in contravention of § 30 because the purchase price is more than twenty-five per cent higher than the school's average assessed valuation during the previous three years.

1. The short answer to the allegations of illegality enumerated in the preceding paragraph is that the special statute (St. 1970, c. 87) makes compliance with §§ 30 and 34 of G. L. c. 43 unnecessary. The language of c. 87 is clear. The city is authorized to acquire and renovate the school for a sum not in excess of $5,000,000 (§ 1); to finance the acquisition with a bond issue (§ 2); to receive State school construction assistance (§ 3); and the prior vote of the city council to acquire the school is validated (§ 4). The earlier statutes have no higher standing than the later statute and may be superseded when such is the clear legislative intent. *Boston Elev. Ry.* v. *Commonwealth*, 310 Mass. 528, 551. We think that the Legislature has plainly manifested its intent

---

authorized issue shall constitute a separate loan, and such loans shall be paid in not more than twenty years from their dates. Indebtedness incurred under this act shall be in excess of the statutory limit, but shall, except as herein provided, be subject to chapter forty-four of the General Laws, exclusive of any limitation or requirement contained in section seven thereof.

"Section 3. Upon acquisition of the land and buildings referred to in section one, said city shall be entitled to receive state school construction grant assistance, provided the school buildings, after remodeling and renovating, meet the standards required for an approved school project under the provisions of chapter six hundred and forty-five of the acts of nineteen hundred and forty-eight, as amended. The final approved cost for assistance of said project shall be determined by the state board of education and shall include the actual costs to said city of acquiring the aforesaid land and buildings and the cost of equipping and furnishing the same.

"Section 4. The vote passed by the city council of Gloucester on October two, nineteen hundred and sixty-nine and October twenty-three, nineteen hundred and sixty-nine, to acquire for school purposes certain land and buildings in the city owned by the Archdiocesan Central High Schools, Inc., more particularly known as St. Peter's High School, to renovate, expand and equip the same, is hereby validated, ratified and confirmed in all respects."

and that the 1970 statute superseded the earlier statutes which the plaintiffs invoke. See *Trustees of Reservations* v. *Stockbridge,* 348 Mass. 511, 513–515.

2. In addition to alleged legal infirmities in the acquisition of the site discussed above, the bill states that the city intends to exceed the $5,000,000 limitation imposed in St. 1970, c. 87. The defendant contends that this allegation is sheer speculation, for the purchase price is fixed at $4,000,000, well within the $5,000,000 limitation, thus leaving an additional $1,000,000 for renovations. We agree with this contention. No facts are set forth as to what renovations, if any, are contemplated by the city. There is merely the unsupported allegation that the city intends to exceed the $5,000,000 limitation. Such an allegation, without more, is an insufficient basis for relief under G. L. c. 40, § 53. "Under c. 40, § 53 . . . proceedings to restrain municipal official action cannot anticipate events beyond the relatively near future. There must be some reasonably certain and immediate unlawful action in prospect to warrant relief under § 53. 'A well grounded expectation of such [unlawful] conduct is not enough to confer jurisdiction under the statute.' *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, 260." *Carr* v. *Assessors of Springfield,* 339 Mass. 89, 93. We cannot assume that the city will exceed the limitation set forth in the statute, or that, should an additional amount be needed, it will not be procured by some appropriate procedure. See *Carr* v. *Assessors of Springfield, supra,* at p. 93.

It follows that the demurrer was rightly sustained.

*Interlocutory decree affirmed.*
*Final decree affirmed.*